THE STATE OF OHIO, APPELLANT, *v.*
WALLACE, A.K.A. WILLIAMS,
APPELLEE.

(Nos. C-810653 and -810654—Decided
August 4, 1982.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. John P. Concannon,* for appellant.

*Mr. Timothy A. Smith,* for appellee, Betty Wallace.

KEEFE, J. The caption indicates two appeals by the state, which is technically correct. However, the fact that there are two appellate numbers is not significant. The matters have been presented to us as if consolidated, and they raise only one issue described in appellant's single assignment of error as follows:

"The trial court erred to the prejudice of plaintiff-appellant by dismissing the probation violation against defendant-appellee on the basis of lack of jurisdiction."

On February 28, 1978, in municipal court, defendant-appellee was placed on probation for one year after having been convicted of telephone harassment (R.C. 2917.21 [A]). On March 15, 1978, her probation officer, Tom Colina, signed a probation violation complaint and filed it on March 17, 1978. Also on March 17, 1978, an official warrant issued for the arrest of appellee to answer the probation violation complaint. It seems undisputed that she was actually arrested in May 1981. A probation violation hearing took place before Judge Sherman on June 25, 1981, and two weeks later on July 9 he dismissed the probation violation complaint by the following verbatim order:

"Dism lack of jurisdiction."[1]

The trial judge observed the following in connection with the dismissal of the probation violation complaint:

"[B]ut also during this time when she was on probation for a year nothing was done, at least there's nothing on the record, that reflects anything was done to toll the days. Therefore, it's the finding of this Court that the one year period has passed and the probation period has terminated. Therefore, this Court no longer has jurisdiction in this case * * *. No entry or record has tolled the days."

---

[1] On the same date the judge entered a similar order in the telephone harassment case in which appellee had been found guilty on February 28, 1978. (This was done in the case which now bears the number C-810653.) This order of dismissal for lack of jurisdiction in the original telephone harassment case was superfluous and probably a nullity. In other words, it did not affect the February 28, 1978 conviction of telephone harassment.

We find that under the circumstances the judge did *not* lack jurisdiction. The complaint was signed and the warrant issued within one month after the one-year probationary period had been imposed. Regardless of the fact that appellee was not arrested until some time considerably later, the probation department, through a probation officer, did take timely action thereby officially putting in motion the measures reasonably calculated to bring appellee before the court to answer a probation violation charge. Timely initiation of the complaint and warrant on March 17, 1978, was tantamount to an entry declaring the woman an absconder. We repeat that the municipal court did have jurisdiction. By so holding we do not find that appellee violated her probation. Through misapprehension, the court did not reach that inquiry. Now the court may. Cf. *State* v. *Simpson* (1981), 2 Ohio App.3d 40.

The assignment is well-taken. We reverse and remand for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

SHANNON, P.J., and BLACK, J., concur.