THE STATE OF OHIO, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 53199—Decided
January 25, 1988.)

*John T. Corrigan,* prosecuting attorney, and *George Sadd,* for appellee.

*Hyman Friedman,* county public defender, and *Marguerite Foley,* for appellant.

JOHN V. CORRIGAN, J. Appellant, Michael L. Williams, pleaded guilty to a violation of R.C. 2925.03 (drug law) and was sentenced to six months to five years. The judge ordered one year of probation in lieu of the jail time. The end of his probation period was extended from November 1980 to November 1981 for failure to report to his probation officer. In 1986, appellant was convicted of two other crimes in case No. 202238. At the time for sentencing the trial judge announced that he had been informed that appellant was in violation of his probation and that a probation revocation hearing would be held. He stated that there was probable cause to believe a violation had occurred and that a full hearing would be conducted. After the hearing a failure to report was found and appellant's probation was revoked. The original sentence was rein-stated and ordered to be served consecutive to the sentence for the subsequent offenses. Appellant's motion for leave to file a delayed appeal was granted.

Assignment of Error No. I

"The trial court erred and abused its discretion by revoking Michael Williams' probation when the court lacked jurisdiction over Michael Williams."

Appellant was placed on probation which was scheduled to end in November 1980. There is no dispute over the extension of the probationary period to November 1981. His probation officer testified that appellant failed to report after May 1981. Although appellant's explanation was not plausible and he did violate his probation, the court was without jurisdiction to revoke his probation and reinstate the sentence.

"* * * *[A] judge * * * may terminate the probation* and impose any sentence which might originally have been imposed or continue the probation and remand the defendant to the custody of the probation authority, *at any time during the probationary period.* * * * *At the end or termination of the period* of probation, *the jurisdiction* of the judge or magistrate to impose sentence *ceases,* and the defendant shall thereupon be discharged. * * *" (Emphasis added.) R.C. 2951.09.

The court could have had jurisdiction only if the probation period were tolled.

"* * * If the probationer absconds or otherwise absents himself *from the jurisdiction of the court* without permission from the county department of probation or the court to do so, * * * the probation period ceases to run until such time as he is brought before the court for its further action." (Emphasis added.) R.C. 2951.07.

The state cites *State* v. *Fry* (Apr.

23, 1981), Cuyahoga App. No. 42975, unreported, in which the probationary period was tolled. However, this court specifically stated that the defendant had not been in the jurisdiction for four years. Here, there is no evidence that appellant ever left the jurisdiction and there was a showing that he was on general relief from the county during the period.

Unless the appellant's probationary period was tolled, the court lost jurisdiction in November 1981. This court has held that the issuance of a journalized capias was tantamount to a journal entry declaring defendant an absconder. *State* v. *Moses* (Nov. 29, 1984), Cuyahoga App. No. 47835, unreported, at 1, 3 (capias issued, Journal Entry, July 14, 1983).

*Moses* cited *State* v. *Wallace* (1982), 7 Ohio App. 3d 262, 7 OBR 342, 454 N.E. 2d 1356, which held that the period was tolled by the filing of a complaint claiming violation of parole and the issuing of a warrant *before the period ended* which "was tantamount to an entry declaring the * * * [defendant] an absconder." *Id.* at 263, 7 OBR at 343, 454 N.E. 2d at 1358.

First, *Wallace* and *Moses* were wrongly decided. R.C. 2951.07 states that the period is tolled if "the probationer absconds or *otherwise* absents himself from the jurisdiction of the court * * *." (Emphasis added.)

The inclusion of the word "otherwise" means that the probationer must abscond *from the jurisdiction*. Merely to abscond is not enough. A statute is needed that would prevent the loss of jurisdiction when the period expires before the probationer is located and there is no proof the probationer left the jurisdiction for the period the prosecutor claims should be tolled. However, this statute does not do so. In this case, the prosecutor made no effort to allege or show that appellant ever left Cuyahoga County. *Moses* and

*Wallace* found that once a capias is issued the period is tolled. There is *no authority* for that conclusion other than the policy that jurisdiction should be retained. If a public policy exception can be grafted onto the statutes then it should require that jurisdiction be retained only if appellant hid himself and eluded the capias within the county and the capias was journalized before the probation period ended.

Here, notices were allegedly sent to appellant, according to the prosecutor's brief, but no dates or other information is provided. The trial court record does not show any such notices. There is no proof appellant deliberately avoided the capias. There was no testimony concerning the effort to find him. The capias was ordered by a trial judge the month before the period was to end and then never delivered to the sheriff's department or journalized until four years later. Even under *Moses* and *Wallace* the prosecutor failed to initiate the process of finding appellant by journalizing a capias before the period ran out. A capias that is ordered and noted on a docket but not journalized is not an order of the court. There was no effort made to find the appellant until four years later.

The period was not tolled and the trial court did not have jurisdiction to revoke his probation and sentence him to jail.

Assignment of Error No. I is sustained. The decision of the trial court is reversed and vacated.

### Assignment of Error No. II

"The trial court erred, abused its discretion and violated appellant's due process and confrontation rights under the Sixth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution by failing to conform to the mandates of Ohio Rule of Criminal Procedure 32.3 and *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778."

The prosecutor's brief claimed, without proof, that notices of an alleged violation were sent to appellant but he had moved. Appellant was given no prior notice of his violation (and the possibility of revocation) until he was being sentenced in an unrelated matter. Appellant contended that he was not given the written notice, the preliminary hearing and separate final hearing and the disclosure of evidence required by *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778.

The purposes of the preliminary hearing requirement are "to prevent the incarceration of a probationer without probable cause and to allow independent review of the charges 'while information is fresh and sources are available * * *.' " *State* v. *Delaney* (1984), 11 Ohio St. 3d 231, 233, 11 OBR 545, 547, 465 N.E. 2d 72, 74, quoting *Morrissey* v. *Brewer* (1972), 408 U.S. 471, 485. *Delaney* held that failing to object to a lack of a preliminary hearing waived any right to that hearing. Unjust incarceration between arrest and a final determination cannot be prevented if the objection is not made until the final hearing. *Delaney, supra,* at 233, 11 OBR at 547, 465 N.E. 2d at 75. Appellant, like Delaney, made no allegations to the trial court that he was prejudiced by the fact that information was no longer fresh or sources unavailable.

However, Delaney was given written notice of the charges as required, *id.* at 234, 11 OBR at 548, 465 N.E. 2d at 75, fn. 2, and thus had ample opportunity to object to the lack of the preliminary hearing sometime during the thirty-six days between his citation for probation violation and the final (and only) hearing.

The parties in the case at bar agreed to have a different judge hold the revocation hearing but appellant was not given the written notice required. He was not given a preliminary hearing except for a flat statement by the trial judge that he had found that probable cause existed.

Appellant was to be sentenced on an unrelated charge and the trial court announced that he had been told appellant was already on probation and he was "going to conduct a probation violation hearing." He told appellant he had a right to be notified in advance of the hearing (which he was not) and that he had informed him of the violation. He stated that appellant had a right to an attorney and that he had one (the attorney who came prepared to counsel appellant during the sentencing on the other case). He told appellant he had found probable cause, but no statements or evidence had been presented.

Appellant testified that he did not report because the office was closed and he did not know the location of the new one. His probation officer testified that everyone was informed and appellant could have called to find out. The trial judge did correctly find that appellant had violated his probation and revoked it for failure to report but not for failure to pay a fine and costs (appellant was on relief).

However, the due process requirements of *Gagnon* were not complied with when no written notice of the charges were sent and no preliminary hearing was held. Although no incarceration resulted because of the lack of the preliminary hearing (appellant was already incarcerated) he had no opportunity to prepare for the revocation hearing. The fact that he did fail to report does not excuse the failure to comply with *Gagnon.*

This court has found that the trial court had lost jurisdiction. Had the prosecutor attempted to show that appellant absconded from the jurisdiction, the lack of notice and preparation by an attorney there for that purpose would have been very prejudicial. A summary, surprise proceeding such as this must be discouraged. The hearing

did not provide the due process required. Assignment of Error No. II is sustained.

The decision of the trial court is reversed and the sentence is vacated. Appellant's record should reflect that he completed his probation period.

*Judgment reversed.*

PATTON, J., concurs.

KRUPANSKY, J., concurs in part and dissents in part.

KRUPANSKY, J., concurring in part and dissenting in part. I respectfully dissent from the majority opinion's analysis and conclusion relative to Assignment of Error No. I.

The central issue in the case *sub judice* as to the initial assignment of error concerns whether the probationary period was tolled pursuant to R.C. 2951.07 when appellant voluntarily stopped reporting for probation approximately one-half year prior to its scheduled termination.

The initial reason for my dissent is the majority's belief *Moses* and *Wallace* were "wrongly decided" when such authority is inapplicable to the case *sub judice.* In *Moses* and *Wallace,* a capias was issued during the period of probation and based on this fact the courts concluded the probationary period was tolled. In the case *sub judice,* the probationary period had long since expired when the capias was issued. This sole fact distinguishes these cases and makes them inapplicable to the case *sub judice.*

In the event such authority were applicable, the majority's summary dismissal of these cases as "wrongly decided" is unpersuasive. Specifically, the majority summarily concludes *Moses* and *Wallace* were incorrectly decided based on its interpretation of R.C. 2951.07,[1] *viz.,* "[t]he inclusion of the word 'otherwise' means that the probationer must abscond *from the jurisdiction.* Merely to abscond is not enough." (Emphasis added.) In this regard the majority overrules precedential authority, *Moses,* and dismisses persuasive authority, *Wallace,* without any statutory construction analysis or judicial authority in support of its summary conclusion that R.C. 2951.07 permits a probation violator to abscond and if he does so within the jurisdiction of the court then the probationary period is not tolled.

In addition to the absence of analysis and judicial authority in support of the majority's view that R.C. 2951.07 permits an absconder to do so within the court's jurisdiction and prevent the tolling of the probationary period and, furthermore, that *Wallace* and *Moses* were incorrect, there exists an even more compelling reason to reject the majority analysis, *viz.,* it works injustice and leads to an absurd result.

Simply stated, the majority's position advocates the view that a probationer may terminate the probation at his pleasure, prior to its scheduled termination, and if the state fails to present evidence he absconded from the jurisdiction then the probationary period is not tolled and terminates as scheduled despite the probation violator's failure to report.

In so construing the statute, the majority opinion violates the following

---

[1] R.C. 2951.07 states as follows:

"* * * If the probationer absconds or *otherwise absents himself from the jurisdiction of the court* without permission from the county department of probation or the court to do so, * * * the probation period ceases to run until such time as he is brought before the court for its further action." (Emphasis added.)

rule of statutory construction promulgated by the Supreme Court as early as 1827:

"* * * Courts of law are not warranted in giving such a construction to the acts of a legislature, as must necessarily work injustice and be fraught with injurious consequences * * *." *Allen* v. *Parish* (1827), 3 Ohio 187, 198.

In the case *sub judice,* the majority's construction of R.C. 2951.07 contravenes *Allen* and rewards injustice by permitting a probation violator, appellant, to terminate his probation at his pleasure without penalty since he absconded within the jurisdiction of the court.

The majority also disregards the intent of R.C. 2951.07 by holding such statute permits a probation violator to abscond within the jurisdiction of the court without tolling the probationary period. The obvious intent of R.C. 2951.07 was to toll the probationary period for probation violators. It is uncontroverted appellant is a probation violator. Even if the majority's literal interpretation of R.C. 2951.07 is correct, the absurd result contravenes this intent of the statute. Specifically, the majority violates the rule set forth in *Bank of Toledo* v. *Toledo* (1853), 1 Ohio St. 622, 637:

"It is a rule of interpretation, of universal application, that a law is to be so construed as to carry out the *intention* of the maker, and that to ascertain that *intention,* not merely is the language of the law, to be looked to, but also the subject-matter to which it relates, the evil provided against, and the attending circumstances and understanding, at the time the law was framed." (Emphasis *sic.*)

This proposition was stated similarly in the following case:

" 'In the interpretation of a statute, the manifest reason and intention of the law should prevail, although at variance with the literal import of the language employed.' " *In re Williamson* (1969), 18 Ohio Misc. 67, 74, 47 O.O. 2d 125, 129, 246 N.E. 2d 618, 623 (quoting *Slater* v. *Cave* [1853], 3 Ohio St. 80, syllabus).

R.C. 2951.07 was intended to ensure, not prevent, the punishment of a probation violator for violating probation. The majority contravenes this intent in summarily concluding appellant may terminate the probation at his pleasure and the state is powerless to toll the period in order to reinstate his original sentence if the probationer absconded *within* the jurisdiction of the court.

I concur with the majority in the second assignment of error.