IN RE TOWNSEND.

[Cite as In re Townsend (1990), 51 Ohio St. 3d 136.]

(No. 89-1730—Submitted March 6, 1990—Decided May 30, 1990.)

*John P. Parker,* for appellee.

*John T. Corrigan,* prosecuting attorney, *Karen L. Johnson* and *George J. Sadd,* for appellant.

*Per Curiam.* We decide today that

the term "absconds," as used in R.C. 2951.07, can include a probationer who willfully fails to report to his probation officer even though he may have remained within the territorial jurisdiction of the trial court. Hence, the state need not prove that the probationer left the court's territorial jurisdiction in order to toll the running of his probation period pursuant to R.C. 2951.07.

A trial court retains jurisdiction over a defendant placed on probation in accordance with R.C. 2951.07, which provides:

"Probation under section 2951.02 of the Revised Code continues for such period as the judge or magistrate determines, and may be extended. The total period of probation shall not exceed five years. If the probationer absconds or otherwise absents himself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if he is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as he is brought before the court for its further action."

The state argues that the phrase "or otherwise absents himself from the jurisdiction of the court without permission," is a wholly independent clause, not modifying "absconds" in any way. Thus, a defendant might abscond — by willfully evading the court's lawful supervision — without in fact leaving the jurisdiction. In contrast, petitioner-appellee argues that the word "otherwise" does modify the word "absconds," so as to require the state to prove that the probationer left "from the jurisdiction."

In this case, the court of appeals issued no opinion; however, in the entry granting the petition, the court relied on *State* v. *Williams* (1988), 43 Ohio App. 3d 184, 540 N.E. 2d 300. *Williams,* in interpreting R.C. 2951.07, concluded, in a split decision, that a "probationer must abscond from the jurisdiction" in order for the period of probation to be tolled. *Id.* at 186, 540 N.E. 2d at 302. Judge Krupansky, dissenting, argued the majority's interpretation "rewards injustice by permitting a probation violator, appellant, to terminate his probation at his pleasure without penalty since he absconded within the jurisdiction of the court." *Id.* at 189, 540 N.E. 2d at 305.

Returning to the present case, dissenting Judge Matia presented similar views. He read " 'absconds,' as used in R.C. 2951.07 to include any action by a probationer who frustrates the trial court's supervision of his probation, irrespective of where the probationer absconds."

Applying normal standards of statutory construction we find the word "absconds" is not qualified by the words "from the jurisdiction." The phrase "from the jurisdiction" applies only to "or otherwise absents." The word "abscond" has a clearly defined legal meaning, standing alone; it needs no clarification or modification from the statutory words appearing after it. "Abscond" is widely and normally interpreted to include hiding within a jurisdiction from service of process. See 1 Words and Phrases (1964) 247, Abscond; Black's Law Dictionary (5 Ed. 1979) 8.

We find this interpretation fits within the object and purpose of the statute which is to deal with those who, by their voluntary act, frustrate supervision of their probation. As we noted long ago:

"It is a rule of interpretation, of universal application, that a law is to be so construed as to carry out the *intention* of the maker, and that to ascer-

tain that *intention,* not merely is the language of the law, to be looked to, but also the subject-matter to which it relates, the evil provided against, and the attending circumstances and understanding, at the time the law was framed." (Emphasis *sic.*) *Bank of Toledo* v. *Toledo* (1853), 1 Ohio St. 622, 637.

It makes little sense to qualify "absconds" by requiring the state to prove the probation violator left the jurisdiction. To so interpret R.C. 2951.07 constricts the word to less than its normal meaning, frustrates the legislature's intention, and rewards a wrongdoer for his own wrong. Thus, we specifically disapprove *State* v. *Williams, supra,* to the extent it holds that "absconds" requires proof that the probationer left the jurisdiction. " '* * * Courts of law are not warranted in giving such a construction to the acts of a legislature, as must necessarily work injustice and be fraught with injurious consequences, unless the intent of the legislature that they shall be so understood, is manifest and clear beyond any rational doubt. * * *' " *Lessee of Allen* v. *Parish* (1827), 3 Ohio 187, 198, quoted in part by Judge Krupansky in *State* v. *Williams, supra,* at 189, 540 N.E. 2d at 304-305.

The judgment of the court of appeals is reversed, and the cause is remanded to that court for further proceedings.

*Judgment reversed,*
*relief denied and*
*cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.