**The STATE of Ohio, Appellee,**

v.

**CASS, Appellant.**

[Cite as *State v. Cass* (1991), 77 Ohio App.3d 697.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59031.

Decided Oct. 15, 1991.

*Stephanie Tubbs Jones*, Prosecuting Attorney, and *Ronald James*, Assistant Prosecuting Attorney, for appellee.

*John J. Ricotta*, for appellant.

JAMES D. SWEENEY, Judge.

Defendant-appellant James Cass was convicted of breaking and entering in violation of R.C. 2911.13 and grand theft in violation of R.C. 2913.02. Appellant pled guilty on August 30, 1984, and was sentenced on October 10, 1984, to four to ten years' incarceration on each count to be served consecutively. The court suspended the sentence and placed appellant on probation for five years with the conditions of restitution and treatment for alcoholism.

On three separate occasions a capias was issued at the request of the probation department. On May 30, 1985, a capias was journalized and appellant was arrested on December 31, 1985. On September 21, 1988, the second capias was journalized and appellant was arrested on October 11, 1988; and on March 8, 1989, the third capias was journalized and appellant was arrested on November 24, 1989.

On December 10, 1989, at the final probation violation hearing, the judge imposed the original sentence of four to ten years' incarceration. It is from this event that appellant files this appeal.

Appellant's first assignment of error:

"I

"The trial court committed reversible error when it imposed the defendant's original sentence at the defendant's probation violation hearing after the defendant's probationary period had terminated."

Appellant contends that the court improperly imposed the original sentence at the final probation violation hearing because the maximum statutory time for probation had elapsed. R.C. 2951.07 sets forth the time limitation on probation as follows:

"Probation under section 2951.02 of the Revised Code continues for such period as the judge or magistrate determines, and may be extended. The total period of probation shall not exceed five years. If the probationer absconds or otherwise absents himself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if he is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as he is brought before the court for its further action."

From the record, it is clear that appellant was originally sentenced on October 10, 1984, and was remanded for incarceration on December 10, 1989. More than five years elapsed between sentencing and revocation of probation.

In *State v. Williams* (1988), 43 Ohio App.3d 184, 186, 540 N.E.2d 300, 302, this court stated:

" * * * This court has held that the issuance of a journalized capias was tantamount to a journal entry declaring defendant an absconder. *State v. Moses* (Nov. 29, 1984), Cuyahoga App. No. 47835, unreported, at 1, 3 [1984 WL 6217] (capias issued, Journal Entry, July 14, 1983).

"*Moses* cited *State v. Wallace* (1982), 7 Ohio App.3d 262, 7 OBR 342, 454 N.E.2d 1356, which held that the period was tolled by the filing of a complaint claiming violation of parole and the issuing of a warrant *before the period ended* which 'was tantamount to an entry declaring the * * * [defendant] an absconder.' *Id.* at 263, 7 OBR at 343, 454 N.E.2d at 1358.

"First, *Wallace* and *Moses* were wrongly decided. R.C. 2951.07 states that the period is tolled if 'the probationer absconds or *otherwise* absents himself from the jurisdiction of the court * * *.' (Emphasis added.)"

The court went on to say at 186, 540 N.E.2d at 302:

"*Moses* and *Wallace* found that once a capias is issued the period is tolled. There is *no authority* for that conclusion other than the policy that jurisdiction should be retained. If a public policy exception can be grafted onto the statutes then it should require that jurisdiction be retained only if appellant hid himself and eluded the capias within the county and the capias was journalized before the probation period ended." (Emphasis *sic.*)

Thus, it is clear that this court held that merely issuing a capias is not sufficient to declare the appellant an absconder and toll the time for purposes of R.C. 2951.07. The issue as to whether a capias would toll the probationary time was not the central issue in *Williams.* The central issue was framed at paragraph one of the syllabus:

"A defendant's probation period is not tolled under R.C. 2951.07 on the basis that he has 'abscond[ed]' within the meaning of that statute unless it is demonstrated that the defendant has absconded 'from the jurisdiction,' meaning, in the case of a common pleas court, from the county in which that court is situated. In the absence of such a showing, the court is without jurisdiction to revoke the probation and reinstate the sentence once the probation period has terminated."

In *In re Townsend* (1990), 51 Ohio St.3d 136, 138, 554 N.E.2d 1336, 1338, the Supreme Court held:

" * * * Thus, we specifically disapprove *State v. Williams, supra,* to the extent it holds that 'absconds' requires proof that the probationer left the jurisdiction. ' " * * * Courts of law are not warranted in giving such a construction to the acts of a legislature, as must necessarily work injustice

and be fraught with injurious consequences, unless the intent of the legislature that they shall be so understood, is manifest and clear beyond any rational doubt. * * *"'" *Lessee of Allen v. Parish* (1827), 3 Ohio 187, 198, quoted in part by Judge Krupansky in *State v. Williams, supra,* at 189, 540 N.E.2d at 304–305."

Although the Supreme Court overruled *Williams* on its main issue, the court did not deal with the issue whether issuing a capias is sufficient to toll the probationary time. However, the facts in *In re Townsend* are similar to those in the case *sub judice.* In *Townsend,* the appellant was placed on probation for two years in October 1985; he stopped reporting in November 1986; a capias was issued in February 1987; and appellant was arrested in July 1989. The arrest pursuant to the capias was long after the probationary period expired.

Given the holding in *Townsend,* we find that the trial court retained jurisdiction over appellant Cass, and did not abuse its discretion by imposing appellant's original sentence.

Appellant's first assignment of error is overruled.

Appellant's second assignment of error:

## "II

"The trial court committed reversible error when it failed to comply with Rule 11(C)(2) of the Ohio Rules of Criminal Procedure by failing to fully apprise the defendant of the maximum possible sentence."

Crim.R. 11(C)(2) states in pertinent part:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation."

■ Twice during the plea the trial judge correctly informed the appellant that the penalty for his conviction would be an indeterminate sentence. Appellant twice responded that he understood.

When relating the potential penalty during the sentencing itself, the judge stated:

"That means you can be sent to a penal institution for two to three to four up to 10 years, a 10 year maximum determinate sentence, together with a possible fine of up to $5,000 under each count."

The judge correctly stated the number of years, but misspoke when he said appellant would receive a determinate sentence rather than an indeterminate sentence.

We find that, given appellant's response to whether he understood the penalty involved, any error committed by the judge was harmless.

Appellant's second assignment of error is overruled.

*Judgment affirmed.*

NAHRA, P.J., and PATTON, J., concur.