[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 349.]

RASH, APPELLANT, *v.* ANDERSON, WARDEN, APPELLEE.

[Cite as *Rash v. Anderson*, 1997-Ohio-338.]

*Habeas corpus to compel petitioner's release from Grafton Correctional Institution—Writ denied, when—Application of R.C. 2969.22 to indigent inmates not a violation of constitutional rights of access to courts, due process, equal protection, and freedom from double jeopardy.*

(No. 97-1236—Submitted October 7, 1997—Decided December 3, 1997.)

APPEAL from the Court of Appeals for Lorain County, No. 97CA006728.

————————————

{¶ 1} On October 2, 1981, the Cuyahoga County Court of Common Pleas convicted appellant, Daniel G. Rash, of three counts of attempted rape and sentenced him to terms of two-to-fifteen years' imprisonment on each count. In the same judgment, the common pleas court suspended Rash's sentence and placed him on five years' probation. During this probation period, two capiases were issued for Rash's arrest, including one on January 25, 1985, which was not returned until April 11, 1986. On October 3, 1986, following a hearing, the common pleas court entered a judgment that revoked Rash's probation and resentenced him to consecutive terms of five-to-fifteen years' imprisonment for each count of attempted rape.

{¶ 2} In April 1997, Rash filed a petition in the Court of Appeals for Lorain County for a writ of habeas corpus to compel his immediate release from Grafton Correctional Institution. Rash claimed that the common pleas court lacked jurisdiction to sentence him after he had completed his five-year probation period. Rash also filed an affidavit of indigency in which he asserted that he was unable to pay any costs or fees associated with his habeas corpus action. Appellee, Grafton Correctional Institution Warden Carl Anderson, filed a motion to dismiss or for

summary judgment. Before the court of appeals ruled on appellee's motion, the clerk of the court of appeals sent a notice to the Grafton Correctional Institution Cashier ordering the cashier, in accordance with R.C. 2969.22(A), to remit all funds exceeding ten dollars in Rash's inmate account until the filing fee for his habeas corpus action was paid in full. The court of appeals subsequently granted appellee's motion for summary judgment and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*Daniel Rash, pro se*.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

*Habeas Corpus Claim*

{¶ 4} In Rash's first proposition of law, he asserts that the court of appeals erred by denying his writ of habeas corpus. Rash claims that the trial court lacked jurisdiction to revoke his probation and resentence him, since his five-year probation period had expired.

{¶ 5} When a court's judgment is void because the court lacked subject-matter jurisdiction, habeas corpus is generally an appropriate remedy despite the availability of appeal. *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 151, 656 N.E.2d 1282, 1284, citing *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E.2d 35, 37, and paragraph three of the syllabus; but, see, *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraphs one and two of the syllabus (jurisdictional defect waived if not raised on direct appeal). "At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." R.C. 2951.09.

{¶ 6} Under R.C. 2951.07, however, "[i]f the probationer absconds or otherwise absents himself from the jurisdiction of the court without permission from the county department of probation or the court to do so, * * * the probation period ceases to run until such time as he is brought before the court for its further action." As the court of appeals correctly held, the issuance of two capiases for Rash during his five-year probation period tolled the running of his probation period so that the trial court retained jurisdiction to revoke his probation and resentence him on October 3, 1986. See, generally, *State v. Cass* (1991), 77 Ohio App.3d 697, 700, 603 N.E.2d 319, 321; *State v. O'Leary* (1987), 43 Ohio App.3d 124, 125, 539 N.E.2d 634, 636; *State v. Wallace* (1982), 7 Ohio App.3d 262, 263, 7 OBR 342, 343, 454 N.E.2d 1356, 1358; *Columbus v. Keethler* (Nov. 7, 1995), Franklin App. Nos. 95AP604-399 and 95APC04-400, unreported, 1995 WL 656921; see, also, *In re Townsend* (1990), 51 Ohio St.3d 136, 138, 554 N.E.2d 1336, 1338 (R.C. 2951.07 does not require that the probationer leave the territorial jurisdiction of the court that imposed probation in order to toll the running of the probation period.).

{¶ 7} Based on the foregoing, the court of appeals properly denied the writ of habeas corpus.

*R.C. 2969.22*

{¶ 8} Rash contends in his second proposition of law that the court of appeals erred in ordering the deduction of funds from his inmate account pursuant to R.C. 2969.22. Rash claims that the application of R.C. 2969.22 to indigent inmates such as himself violates their constitutional rights of access to courts, due process, equal protection, and against double jeopardy. Although the Attorney General filed a brief on behalf of appellee, appellee did not respond to Rash's R.C. 2969.22 contention.

{¶ 9} R.C. 2969.22 is part of Sub.H.B. No. 455, effective October 17, 1996, and sets forth *in forma pauperis* filing requirements for inmates commencing civil

actions or appeals against government entities or employees. R.C. 2969.22 sets forth the procedures for payment of costs by inmates initiating these actions or appeals.

{¶ 10} Rash's claims are meritless. Federal courts have rejected similar constitutional challenges to the federal Prison Litigation Reform Act ("PLRA"), Section 1915, Title 28, U.S.Code, which sets forth analogous *in forma pauperis* requirements for prisoner litigation in federal courts. See, *e.g., Nicholas v. Tucker* (C.A.2, 1997), 114 F.3d 17 (PLRA's filing fee provisions do not violate equal protection or deny access to courts.); *Hampton v. Hobbs* (C.A.6, 1997), 106 F.3d 1281 (PLRA's filing fee requirements do not violate rights of access to courts, due process, equal protection, or against double jeopardy.). The court of appeals thus did not violate Rash's constitutional rights by applying R.C. 2969.22.

{¶ 11} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____