MEMORANDUM DECISION
Appellant, Charles Cotten, Sr., appeals from a decision of the Franklin County Court of Common Pleas denying his motion for a refund of filing fees.
Appellant and seven other inmates at the London Correctional Institution filed a pro se motion for a refund of filing fees arising from previous actions they had filed in the Franklin County Court of Common Pleas. The motion challenged the constitutionality of R.C. 2969.22, which provides for deductions from an inmate's account to cover the cost of filing fees for civil actions filed by an inmate against a government entity or employee. The trial court found that the statute is constitutional and denied the motion. Appellant filed a timely notice of appeal. Although all eight inmates are listed on the notice of appeal and the brief, this court will address the appeal only as it relates to appellant since the motion was filed only in his previous action, to which none of the other named inmates were parties.
On appeal, appellant asserts five assignments of error, all of which essentially argue that the trial court erred by overruling appellant's motion. In addition, appellant argues that the trial court was biased against him because he was proceedingpro se. We disagree.
Appellant argues that R.C. 2969.22 violates both the Ohio and United States Constitutions. All legislative enactments enjoy a strong presumption of constitutionality, so a party challenging the constitutionality of a statute must prove beyond a reasonable doubt that a statute is incompatible with a constitutional provision. State v. Gill (1992), 63 Ohio St.3d 53,55. Moreover, any doubts as to a statute's constitutionality are to be resolved in favor of the statute's validity. Id.
Here, the trial court found that R.C. 2969.22 is constitutional based on a prior decision of the Supreme Court of Ohio. In Rash v. Anderson (1997), 80 Ohio St.3d 349, 351, the Supreme Court of Ohio concluded that R.C. 2969.22 was constitutional based upon rulings of federal courts construing similar federal in forma pauperis filing requirements. Thus,Rash is controlling authority and requires that this court affirm the decision of the trial court.
Additionally, appellant argues that R.C. 2969.22 is in conflict with R.C. 2329.66, which exempts certain property from "execution, garnishment, attachment, or sale to satisfy a judgment or order." R.C. 2329.66(A). However, we agree with the trial court that R.C. 2329.66 is inapplicable in that the payment of filing fees from an inmate's account does not amount to an action by a creditor to attach property to satisfy a judgment. Instead, R.C. 2969.22 merely requires that inmates pay the cost of filing fees for civil actions they institute against a government entity or government employee. Moreover, the statute specifically excludes the first ten dollars in an indigent inmate's account each month from being used to cover filing fees. Thus, the statute protects a portion of an indigent inmate's income regardless of the number of lawsuits an inmate initiates. R.C.2969.22(A)(1)(b) and (c).
Finally, appellant failed to demonstrate any bias on behalf of the trial court against him based on his pro se status.
Consequently, appellant's five assignments of error are without merit and are overruled. The decision of the trial court is affirmed.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.