JOURNAL ENTRY AND OPINION
George Semenchuk appeals from a judgment of the common pleas court alleging a denial of due process when the court found he violated the conditions of his community control sanctions following his plea of guilty to driving under the influence of alcohol. On appeal, Semenchuk urges the trial court erred in failing to make a specific finding of a probation violation and also did not afford him a preliminary probation violation hearing. After consideration of these claims, we reject them and affirm the judgment of the trial court.
The scant record before us reveals that on September 3, 1998, Semenchuk lost control of his motorcycle as he traveled eastbound on the approach ramp connecting I-480 and the southbound lanes of I-77. The Independence Police Department responded to the scene, noticed a strong odor of alcohol on Semenchuk and transported him to Marymount Hospital where the police arrested him. At that time, Semenchuk refused to submit to blood or urine testing.
Investigation revealed that Semenchuk had three prior convictions for driving under the influence of alcohol, which resulted in his felony indictment in this case. On February 19, 1999, he pled guilty to this offense and the court imposed a one year sentence, but suspended ten months of that sentence. Further, the court sentenced him to five years community control and ordered him to attend Alcoholics Anonymous meetings and follow recommendations of the probation department.
Thereafter, following his home detention, he reported to the probation department on May 17, 1999, and tested positive for having ingested alcohol. The court conducted a violation hearing, found Semenchuk had violated his probation but continued him on community control.
On appeal, Semenchuk raises three assignments of error in which he alleges denial of due process. They state:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS FOUND TO BE A PROBATION VIOLATOR.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT ARTICULATE A PROPER FINDING CONCERNING A PROBATION VIOLATION.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT AFFORDED THE PRELIMINARY PROBATION VIOLATION HEARING.
Semenchuk first maintains that the court denied him due process when it found he violated probation by testing positive for alcohol because the court never expressly precluded him from consuming alcohol while on probation.
We recognize that in State v. Jones (1990), 49 Ohio St.3d 51, the court, in addressing conditions of probation, stated:
 * * * Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty. * * * [C]ourts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.
In this case, Semenchuk has been convicted of driving under the influence of alcohol four times in six years. As part of his community control, the court required him to attend Alcoholic Anonymous meetings three times per week. This implied a reasonable condition of his community control: to abstain from consuming alcohol. Further, Semenchuk acknowledged during the hearing that he had slipped, indicating that he knew he should not have done so. Abstention from alcohol is reasonably related to Semenchuk's rehabilitation, and has a direct relationship to the act of driving while under the influence of alcohol. Thus, the trial court did not deny him of his right to due process when it determined that he violated the terms of his community control. Accordingly, this assignment is overruled.
Semenchuk's allegation that the court did not make a finding that he violated community control is not well taken.
In Morrissey v. Brewer (1972), 408 U.S. 471, the court stated:
 A probation revocation hearing, however, is not a formal criminal prosecution but is "an informal hearing structured to assure that the finding of a * * * [probation] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the * * * [probationer's] behavior." In this case, the record reveals that the court found him to be a probation violator because he had consumed alcohol. This did not deprive Semenchuk of due process because the court did not revoke his probation, but rather continued the terms of his community control sanctions adding that Semenchuk should be arrested the first time he tested positive for drugs or alcohol. Hence, this assignment is overruled.
Semenchuk also asserts the trial court denied him due process because it did not afford him a preliminary probation violation hearing.
He relies on Gagnon v. Scarpelli (1973), 411 U.S. 778 and on State v. Williams (1988), 43 Ohio App.3d 184, which states in the headnote:
 Before a defendant's probation may be revoked, the defendant must be given written notice of the alleged probation violation and a preliminary hearing on the charge must be held. (Citation omitted.) In his brief, Semenchuk urges the court denied his fundamental right to due process because he had not been provided with notice of a probation violation. However, the record contains a May 25, 1999 notice of that hearing. Further, the probation officer, Brian Ely, represented to the court that Semenchuk waived the preliminary hearing, which his attorney confirmed on the record. Thus, this assignment is not well taken.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
ANN DYKE, A.J., and PATRICIA A. BLACKMON, J., CONCUR
TERRENCE O'DONNELL, JUDGE