JOURNAL ENTRY and OPINION
Defendant-appellant, John Flaherty, appeals from the trial court's finding him to be a probation violator in violation of his due process rights. We find merit to the appeal and reverse and remand for further proceedings.
A complaint was filed on May 6, 1999 against the defendant for domestic violence in violation of R.C. 2919.25(A). Another complaint was filed on June 29, 1999 against the defendant for violating a temporary protection order in violation of R.C. 2919.27.
On September 2, 1999, the defendant appeared in Garfield Heights Municipal Court and entered a plea of no contest to one count of domestic violence and one count of violating a temporary protection order. The trial court found defendant guilty as to both counts and he was sentenced to two hundred ten days in jail and fined $1,177.
On February 14, 2000, the trial court granted early release to the defendant on the condition that he obtain a divorce from the victim, have no contact with the victim, and relocate to Florida to live with his mother and seek treatment. Prior to the date of his move, he was to report to the probation department to investigate the proposed treatment and living arrangements.
On March 15, 2000, the trial court conducted a probation violation hearing based on the fact that the defendant was arrested and charged with rape and domestic violence. Defendant had not been given written notice of the violation hearing and the charges therein until after the hearing had commenced. The trial court, after acknowledging that the defendant did not receive notice, found that common sense should have told the defendant that one does not commit new crimes while on probation. The trial court, thereafter, issued an order finding him to have violated probation and imposed the balance of the unserved sentence.
On March 30, 2000, this court granted the defendant's motion for an appeal bond and stayed the sentence pending appeal. The defendant appeals, presenting one assignment of error.
 I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT WAS A PROBATION VIOLATOR BY FAILING TO AFFORD HIM ANY DUE PROCESS AND PROCEDURAL SAFEGUARDS, MANDATED BY THE UNITED STATES CONSTITUTION. MORRISSEY v. BREWER (1972), 408 U.S. 471.
In his first assignment of error, the defendant argues that the trial court revoked his probation in violation of his due process rights.
The United States Supreme Court has established that a defendant in a probation revocation hearing is entitled to certain due process rights. Gagnon v. Scarpelli (1972), 411 U.S. 778. Specifically, the process of revoking probation requires a probable cause hearing and a subsequent final revocation hearing. Id. at 784-786. At the final revocation hearing, a defendant is entitled to the following due process requirements:
 (a) written notice of the claimed violation of probation, (b) disclosure of evidence against the defendant, (c) opportunity to be heard in person and to present witnesses and documents in evidence, (d) the right to confront and cross-examine adverse witnesses, (e) neutral and detached hearing officer, (f) a written statement by the fact finder as to evidence relied upon in finding probable cause of revoking probation, (g) informed of the right to counsel, (h) right to provide counsel where there is a colorable claim or mitigating circumstance * * *.
Id. at 786, citing Morrissey v. Brewer (1972), 408 U.S. 471, 489.
The city concedes in its brief that the trial court failed to provide notice to defendant and failed to conduct a hearing. This court has also held previously that a trial court violates a defendant's Gagnon due process rights where no written notice of the charges are sent to defendant or counsel and no preliminary hearing is held. State v. Williams (1988), 43 Ohio App.3d 184, 187. We therefore conclude, based on the record before us, that the defendant's due process rights were violated and he is entitled to a new hearing on the revocation of his probation.
Defendant's sole assignment of error is sustained.
Judgment is reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ COLLEEN CONWAY COONEY, J.
TIMOTHY E. McMONAGLE, P.J. and KENNETH A. ROCCO, J., CONCUR