DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sylvania Municipal Court which found defendant-appellant, Larry N. Wegener, to be in violation of the terms of his probation. Upon that finding, the court imposed a previously suspended sixty day jail sentence.
On December 17, 1998, Wegener entered a plea of no contest to a charge of driving under the influence of alcohol in violation of R.C.4511.19(A)(3). Thereafter, on April 8, 1999, the trial court imposed sentence as follows. Wegener was given an eighty-five day jail sentence with sixty of those days suspended on the conditions that he have no alcohol related offenses in the next five years and that he complete a program of alcohol treatment. He was also given a thirty month driver's license suspension effective June 15, 1998, with work privileges effective July 1, 1998, and was ordered to pay a $750 fine plus court costs. Subsequently, Wegener received a letter, dated February 25, 2000, from the Probation Department of the Sylvania Municipal Court. That letter reads in relevant part:
 "This letter is to inform you of the completion and termination of the conditions of your probation from the Sylvania Municipal Court.
 "This does NOT however, include the portion of your sentence that was suspended: 60 DAYS on condition:
"NO ALCOHOL OFFENSE OCCURS IN THE NEXT 5 YEARS.
"This will stay in effect until: April 8, 2004."
On May 18, 2000, Wegener entered a guilty plea to a charge of driving under the influence of alcohol in Sylvania Municipal Court, case No. TRC 0002606. As a result of that charge, the court in the present case issued an order scheduling a hearing and ordering Wegener to appear and show cause why his probation should not be revoked for failing to comply with the conditions of his suspended sentence.
On November 16, 2000, Wegener filed a motion to dismiss the probation violation in which he argued that because his probation had been terminated as of February 25, 2000, the court was without the authority to impose the previously suspended sentence. In a judgment entry dated December 8, 2000, the trial court denied Wegener's motion to dismiss and found him to be in violation of the terms and conditions of his probation due to his conviction in case No. TRC 0002606. The court therefore imposed the previously suspended sixty day sentence. From that judgment, Wegener now raises the following assignment of error:
 "THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS THE PROBATION VIOLATION AS DEFENDANT'S PROBATION HAD BEEN TERMINATED BEFORE THE VIOLATION WAS CHARGED."
In his sole assignment of error, appellant argues that because his probation had been terminated through the letter of February 25, 2000, the trial court was without subject matter jurisdiction to revoke his probation and impose the prior sentence.
The decision to revoke a defendant's probation rests within the sound discretion of the sentencing court. State v. McKnight (1983),10 Ohio App.3d 312, 313. Nevertheless, the subject matter jurisdiction of that court to revoke a defendant's probation and impose sentence terminates at the end of the probation period. R.C. 2951.09; Rash v. Anderson (1997),80 Ohio St.3d 349, 350. The issue in the present case is whether appellant's probation period had terminated when he was brought before the court for the probation violation hearing. We find that it had not. R.C. 2951.07 provides that "[p]robation under section 2951.02 of the Revised Code continues for the period that the judge or magistrate determines[.]" Similarly, R.C. 2951.09 states: "When the ends of justice will be served and the good conduct of the defendant so held warrants it, the judge or magistrate may terminate the period of probation." Accordingly, only a judge or magistrate, not the probation department, has the authority to terminate an offender's probationary period.
Assuming arguendo that a probation department does have the authority to terminate an offender's probationary period, the letter of February 25, 2000, cannot be viewed as having effectuated such a termination. Appellant asserts that because the first sentence of the letter states that appellant completed the conditions of his probation, our analysis must end there. The letter, however, must be read in its entirety. The letter clearly states that the condition of his probation which suspended sixty days of his sentence, provided he have no alcohol related offense in the next five years, is not suspended.
Because the trial court had the subject matter jurisdiction to impose the suspended portion of appellant's sentence, and because appellant violated the terms of his probation, the trial court did not abuse its discretion in revoking appellant's probation and imposing the sixty day portion of his sentence. The sole assignment of error is therefore not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sylvania Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
James R. Sherck, J., Richard W. Knepper, J.,Mark L. Pietrykowski, P.J., CONCUR.