DECISION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Erie County Court of Common Pleas wherein the probation of appellant, George H. Pitcher, was revoked. Because we find that the court had subject matter jurisdiction to revoke appellant's probation, we affirm.
On May 28, 1996, appellant was convicted of assault on a police officer, a fourth degree felony. He was sentenced to an eighteen month suspended prison sentence and he was placed on probation for five years from and after the date of March 4, 1996.
A judgment entry filed on October 11, 2000, states that appellant was "brought before this court in the custody of the Chief Adult probation Officer for an initial appearance as to the alleged violations of the terms and conditions of his probation. Whereupon, defendant acknowledged receipt of a list of said alleged violations." On October 20, 2000, appellant filed a "waiver of reasonable time period for hearing on probation violations." A hearing was scheduled for November 22, 2000. Appellant then filed numerous motions to continue his probation revocation hearing. All of his motions were granted. On August 22, 2001, appellant's probation revocation hearing was held and appellant's probation was revoked. Appellant now appeals asserting the following assignment of error:
 "The trial court erred in revoking appellant's probation and imposing a sentence of incarceration on appellant after the Expiration of his term of probation, as the trial court was without subject matter jurisdiction, all in violation of appellant's rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Section 16 of the Ohio Constitution."
Appellant contends that the court lacked subject matter jurisdiction to revoke his probation on August 22, 2001 as his probationary period had expired on March 4, 2001. Appellee contends that because the revocation process was initiated within appellant's probationary period, the court had subject matter jurisdiction to revoke appellant's probation on August 22, 2001.
The decision to revoke a defendant's probation rests within the sound discretion of the sentencing court. State v. McKnight (1983),10 Ohio App.3d 312, 313. Nevertheless, the subject matter jurisdiction of that court to revoke a defendant's probation and impose sentence terminates at the end of the probation period. R.C. 2951.09; Rash v.Anderson (1997), 80 Ohio St.3d 349, 350. Any timely action, reasonably calculated to bring a defendant before the court to answer a probation violation, is sufficient to toll the probationary period. Columbus v.Keethler, (Nov. 7, 1995), Franklin App. Nos. 95APC04-399 and 95APC04-400, citing State v. Wallace (1982), 7 Ohio App.3d 262.
The record shows that appellant, in custody, was brought before the court and acknowledged receipt of a list of his alleged probation violations before his probationary period had expired. Accordingly, the court's timely commencement of probation revocation proceedings tolled the probationary period and the court retained subject matter jurisdiction to revoke appellant's probation on August 30, 2001. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.