THE STATE OF OHIO, APPELLEE, *v.*
O'LEARY, APPELLANT.

(No. L-87-005—Decided
July 31, 1987.)

*Sheilah McAdams,* for appellee.
*Thomas G. Overley,* for appellant.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Maumee Municipal Court.

On February 20, 1983, defendant-appellant, Thomas J. O'Leary, was arrested and charged with driving under the influence of alcohol in violation of Section 73.01 of the village of Waterville Code. On April 12, 1983, he entered a plea of no contest and was found guilty of that charge. On June 7, 1983, appellant was sentenced to six months in the Toledo House of Corrections with five months suspended, subject to the following conditions:

"1. Defendant shall have no further alcohol-related driving offenses within three (3) years of this date; and

"2. Defendant shall not operate a motor vehicle upon a public highway or street without a valid driver's license within three (3) years of this date."

Subsequently, on May 14, 1986, appellant was charged with driving under the influence of alcohol and driving under suspension in Fulton County, Ohio. The Maumee Municipal Court allegedly received notice of these charges on June 4, 1986. On June 7, 1986, the three-year probationary period expired. Subsequently, on November 12, 1986, a plea of no contest was entered in Fulton County to the driving under the influence charge. A probation violation hearing was held on December 5, 1986, with the trial judge imposing the previously suspended five-month sentence in the Toledo House of Corrections.

From said judgment, appellant sets forth the following as his sole assignment of error:

"The court erred in imposing a five-month sentence upon the defendant-appellant for violating his probation because the jurisdiction of the court ceased nearly six months earlier when defendant-appellant's three-year probation terminated."

Appellant alleges that the trial court erred in imposing the previously suspended sentence in that the probation violation hearing was held six months after the termination of the probation period. At the outset, however, we note that there was no order of sentence specifically referring to a period of "probation." Although it is clearly a better procedure to specifically place an offender on "probation" and state the time period involved and the conditions prescribed, for purposes of this case, we will consider appellant properly sentenced to serve a period of three years' probation.

At the June 7, 1983 sentencing of appellant the trial court, as stated above, suspended five months of appellant's six-month sentence subject to the aforementioned conditions of probation. The offenses of May 14, 1986 of which appellant was convicted on November 12, 1986 were clearly in violation of said conditions. The trial court, however, did not proceed with the probation violation hearing until December 5, 1986. This hearing was held nearly six months after the June 7, 1986 expiration of the probationary period.

R.C. 2951.09 states in pertinent part as follows:

"When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation and impose any sentence which might originally have been imposed or continue the probation and remand the defendant to the custody of the probation authority, *at any time during the probationary period. * * *"* (Emphasis added.)

The probationary period could have been tolled prior to its expiration by the issuance of a bench warrant or a summons. However, no such procedure was instituted until November 25, 1986, almost five months after the probation period expired. In *State* v. *Simpson* (1981), 2 Ohio App. 3d 40, 2 OBR 44, 440 N.E. 2d 617, syllabus, the court stated:

"* * * Where no action is taken to institute a probation violation hearing during the original probation period, the sentencing court loses jurisdiction to impose the suspended sentence once the original probation period expires."

See, also, *Miller* v. *Haskins* (1967), 12 Ohio Misc. 164, 41 O.O. 2d 212, 230 N.E. 2d 694.

A review of the record in the case *sub judice* indicates that the suspended sentence was imposed well after the expiration of appellant's probationary period. Clearly such action is in contradiction to Ohio's statutory case law in that the trial court no longer had jurisdiction to so act. Accordingly, appellant's sole assignment of error is found well-taken.

*Judgment reversed.*

CONNORS, RESNICK and GLASSER, JJ., concur.