OPINION
Defendant Daniel Davis appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which revoked his probation and reimposed his prison term. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE TRIAL COURT LACKED JURISDICTION TO REVOKE APPELLANT'S PROBATION.
On November 22, 1994, appellant pled guilty to one count of aggravated burglary, and was sentenced to seven to twenty-five years imprisonment. On August 9, 1995, the trial court placed appellant on super-shock probation for three years. The court ordered appellant to attend and satisfactorily complete the day-reporting program and residential treatment program for drug addiction, to inform his probation officer of his current address at all times, report to his probation officer on a regular basis, and not to leave the county without first obtaining permission from the probation officer. On September 11, 1995, appellant was injured and was medically discharged from the Community Corrections Center. In May of 1996, the trial court modified appellant's probation to include completion of the intensive supervision program, because appellant had failed to regularly attend his outpatient treatment program, failed to make regular payments towards costs and restitution, and because appellant tested positive for cocaine. In June of 1996, the trial court again modified appellant's probation for appellant to return to the reporting program and residential treatment program, because appellant had recovered from the injuries he had received in 1995. On August 29, 1996, the trial court filed a judgment entry finding the appellant had violated the terms of his probation again. In particular, the trial court found appellant had absconded from the court's jurisdiction, and the court issued a warrant for appellant's arrest. Appellant was arrested on September 12, 1996. On September 16, 1996, appellant's probation officer filed a formal motion to modify or revoke appellant's probation. On October 16, 1996, the trial court filed a judgment entry modifying appellant's probation again to include that appellant return to the Regional Community Corrections Center or Oriana House. On February 10, 1997, the court filed a judgment entry finding appellant had successfully completed the residential part of his probation and authorized the Community Corrections Center to discharge appellant on February 18, 1997. On April 1, 1997, the trial court issued a warrant for appellant's arrest for probation violations, including failure to report and a positive test for cocaine. Appellant was arrested May 10, 1997. On May 13, 1997, appellant's probation officer filed a motion to modify or revoke, alleging, among other things, appellant had left the court's jurisdiction without permission. On July 21, 1997, the trial court filed a judgment entry once again modifying appellant's probation and ordering him to attend Quest Recovery Services, if accepted for that program. On June 10, 1998, the trial court again issued a warrant for appellant's arrest, finding appellant had tested positive for cocaine, and had failed to complete the Quest treatment program. Appellant was arrested on December 18, 1998. On December 21, 1998, appellant's probation officer filed a motion to modify or revoke, advising the court appellant had been arrested on December 18, 1998 for a DUI offense, and noting appellant had not reported to his probation officer since June of 1998. Appellant argues the trial court did not have jurisdiction to revoke his probation because the term of probation was three years, and had expired. Pursuant to R.C. 2951.09, the trial court's jurisdiction to impose sentence ceases at the termination of the period of probation, see State v. Jackson (1995), 106 Ohio App.3d 345. The trial court may retain jurisdiction if the probation period is extended, see R.C. 2951.09, or if the probation period is tolled, R.C. 2951.07. When the period of probation ends, the subject matter jurisdiction of the sentencing court terminates, even if the alleged violation of probation occurred during the period of probation and could have resulted in revocation of probation if timely prosecuted, see State v. Jackson (1988),56 Ohio App.3d 141, syllabus by the court. Appellant concedes the court three times issued warrants for violations of the terms of probation, but appellant argues none of these tolled the probationary period because the motions to revoke were not filed until after he had been arrested on the warrants. Appellants asserts his probation expired August 2, 1998, months prior to his arrest on December 18, 1998. Appellant notes the first two warrants indicated appellant had absconded from the jurisdiction, but the final warrant, issued June 10, 1998, did not contain this allegation. Appellant argues if we find the probation was tolled by the first warrant on August 29, 1996, then the probation period would have been extended for 15 days, until he was arrested. If the probation was tolled on April 2, 1997, when the second warrant was issued, then the probation period would have been extended for an additional 40 days, until appellant was arrested again. Appellant urges the latest his probation would have expired was September 26, 1998, if we find the first two warrants tolled the running of his probation. Certain appellate courts have held the issuance of a capias or warrant is sufficient to toll the probationary period until such time as the probationer is brought before the court, see, e.g. State v. Cass (1991), 77 Ohio App.3d 697; State v. O'Leary (1987), 43 Ohio App.3d 124; State v. Wallace (1982), 7 Ohio App.3d 262. In Wallace, supra, the court found even though the probationer was not arrested until sometime considerably later, the probation department had taken timely action to put in motion the measures reasonably calculated to bring the probationer before the court to answer a probation violation charge. Timely initiation of the warrant tolled the running of the probationary period. In the case of In Re: Townsend (1990), 51 Ohio St.3d 136, the Ohio Supreme Court gave a broad interpretation of the term "absconding" to include a probationer who willfully fails to report to his probation officer, even if the probationer does not actually leave the territorial jurisdiction of the trial court. The State urges the record clearly demonstrates appellant absconded, because appellant did not report to his probation officer after the warrant was issued. In fact, it took authorities six months to locate appellant. We find the trial court had jurisdiction to revoke appellant's probation because the revocation proceedings were initiated prior to the end of the probationary period. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Farmer, J., and Reader, V. J., concur