DECISION AND JUDGMENT ENTRY
This is an appeal from a Meigs County Common Pleas Court judgment revoking the probation of John Powell, defendant below and appellant herein.
Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY REVOKING APPELLANT'S PROBATION."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY ADMITTING THE LAB RESULTS OF THE SEPTA CORRECTIONAL FACILITY AND THE DRUG SCREEN RESULTS (EXHIBITS #2 AND #3) INTO THE RECORD OF THE OCTOBER 25, 1999, HEARING ON APPELLANT'S PROBATION VIOLATION."
Our review of the record reveals the following pertinent facts. On June 24, 1991, the Meigs County Grand Jury returned an indictment charging appellant with one count of trafficking in marijuana, in violation of R.C. 2925.03 (A). On January 7, 1992, appellant entered a guilty plea to the charge of trafficking in marijuana. On January 7, 1992, the trial court sentenced appellant to eighteen months imprisonment. The trial court suspended the sentence and placed appellant on probation for a term of five years.
On December 31, 1996, the state filed a motion to revoke appellant's probation. On January 2, 1997, five days before appellants original five year term of probation was to expire, the trial court entered an order tolling the probation period.
On April 27, 1999, the trial court arraigned appellant on the probation violation. On May 26, 1999, appellant admitted to the probation violation and the trial court ordered appellant's term of probation to continue for additional two and one-half years.
On September 24, 1999, the state filed a motion to revoke appellant's probation. On October 13, 1999, appellant filed a motion to dismiss the state's motion to revoke probation. Appellant argued that the statutory period of probation had expired and, thus, deprived the trial court of jurisdiction to sentence appellant any further on the matter.
On October 26, 1999, the trial court overruled appellant's motion to dismiss. The trial court stated: "[B]ased upon the evidence presented, the statutory five year period has not expired. Second, even if the five year period has expired, this five year period was waived by the Defendant and not timely appealed."
On October 26, 1999, the trial court found that appellant violated the terms of his probation. The trial court reimposed the previously suspended eighteen month sentence. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that the trial court erred by overruling his motion to dismiss the state's motion to revoke his probation. Specifically, appellant asserts that because the five year limitation on probation contained in R.C. 2951.07 had expired, the trial court lacked jurisdiction to consider revoking appellant's probation. Appellant argues that the trial court erroneously determined that he waived the issue because the issue concerns subject matter jurisdiction and cannot be waived. We agree with appellant that the trial court lacked jurisdiction to sentence appellant with respect to the state's September 24, 1999 alleged probation violation.
We begin first with the well-settled rule that the subject matter jurisdiction of a sentencing court terminates at the end of the probation period. R.C. 2951.09; Rash v. Anderson (1997),80 Ohio St.3d 349, 350, 686 N.E.2d 505, 506. At the end of the probation period, the trial court loses its legal authority to act, even if the alleged probation violation occurred during the period of probation and could have resulted in revocation of probation and imposition of sentence. See Rash; State v. Hayes
(1993), 86 Ohio App.3d 110, 619 N.E.2d 1188; State v. Jackson
(1988), 56 Ohio App.3d 141, 565 N.E.2d 848; State v. O'Leary
(1987), 43 Ohio App.3d 124, 539 N.E.2d 634; Lakewood v. Davies
(1987), 35 Ohio App.3d 107, 519 N.E.2d 860; State v. Wallace
(1982), 7 Ohio App.3d 262, 454 N.E.2d 1356.
R.C. 2951.07 clearly permits a trial court to impose and to extend probation for a term that the court deems appropriate. However, "[t]he total period of probation shall not exceed five years."[1] R.C. 2951.07; State v. Zucal (1998), 82 Ohio St.3d 215,219, 694 N.E.2d 1341, 1344 ("R.C. 2951.07 provides that probation * * * `shall not exceed five years.'"). In Zucal,82 Ohio St.3d at 219-220, 694 N.E.2d at 1345, the court explained:
 "In enacting R.C. 2951.07, the legislature laid out the rules for how long the state could lawfully interfere with a criminal offender's freedom once a term of incarceration has been served. The legislature accomplished this by restricting the length of time to five years that an offender could be controlled or monitored through the use of probation."
When a trial court determines that a defendant has violated the terms of his probation, R.C. 2951.09 authorizes the court to "terminate the probation and impose a sentence that originally could have been imposed or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. See State v. Yates (1991),58 Ohio St.3d 78, 567 N.E.2d 1306. Any extension of the probation term, however, must be accomplished within the original term or the court loses subject matter jurisdiction. R.C. 2951.09 ("At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged. * * * *."); Yates; see, also, State v. Davis (Aug. 2, 1999), Stark App. No. 1999 CA 48, unreported; State v. Parish (Feb. 8, 1999), Mahoning App. No. 96-CA-23, unreported.
In the case at bar, the trial court originally imposed a five year term of probation. The term was to expire on January 7, 1997. On January 2, 1997, five days before appellant's term of probation was to expire, the trial court tolled the probation period due to the state's filing of a motion to revoke appellant's probation.
The trial court's May 26, 1999 extension of appellant's probation for an additional two and one-half years results in appellant being subjected to probation for a total of seven and one-half years. R.C. 2951.07 does not permit the total period of probation to exceed five years, and R.C. 2951.09 divests the trial court of jurisdiction upon the expiration of the five year period. On May 26, 1999, the trial court could have imposed the previously suspended eighteen month sentence or could have continued appellant's probation for an additional five days.
By October 26, 1999, the five year limit for appellant's probation term had expired. No evidence exists that the R.C.2951.07 tolling provisions applied. Thus, the trial court lacked jurisdiction to impose appellant's previously suspended eighteen month sentence. See State v. Yelensky (Oct. 15, 1992), Cuyahoga App. No. 63101, unreported.[2]
Moreover, we note that a claim that a court lacked subject matter jurisdiction cannot be waived and may be raised at any time. See, e.g., State ex rel. Wilson-Simmons v. Lake Cty.Sheriff's Dept. (1998), 82 Ohio St.3d 37, 40, 693 N.E.2d 789,791.
Because we find appellant's first assignment of error dispositive of the instant appeal, we will not address the remaining two assignments of error. See App.R. 12(A)(1)(c).
Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error and reverse and remand the trial court's judgment.[3]
 JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and remanded and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 ____________________ Peter B. Abele Judge
[1] Under certain conditions, the period of probation may be tolled:
 If the probationer absconds, or otherwise absents himself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if he is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as he is brought before the court for its further action.
R.C. 2951.07; see, also, Rash, 80 Ohio St.3d at 350,686 N.E.2d at 506.
[2] In Yelensky, the court faced a similar situation. InYelensky, the trial court sentenced the defendant on May 6, 1986. The trial court suspended the defendant's sentence and placed the defendant on probation for two years. The trial court twice extended the defendant's probation for failing to pay restitution and court costs. In 1989, the trial court continued the defendant's probation until May 6, 1992. On December 12, 1991, the trial court found that the defendant violated the terms of her probation and ordered her to serve her previously suspended sentence.
On appeal, the defendant argued that the trial court lacked jurisdiction to reimpose her sentence. The court of appeals agreed, stating:
 "R.C. 2951.07 provides in unequivocal mandatory language that the total period of probation shall not exceed five years. A court has no authority to impose sentence in an alleged probation violation after the term of probation has expired where there is no showing the probation period was suspended. * * *
 In the case sub judice, we note that appellant's probation period exceeded the five year statutory maximum. A review of the record indicates that the probation period was not tolled until after appellant had completed her five year probation period, to wit: the transcript of the probation violation hearing indicates that although appellant's probation had been extended two time previously * * * the trial court improperly extended appellant's probation to May 6, 1992. At that May 12 hearing, the probation officer told the court that appellant had been continuously on probation since May 6, 1986. A quick, simple computation would have advised the court that the May 6, 1992 probation date would give appellant a six year probation in violation of R.C. 2951.07. Thus, appellant's probation period ended on May 6, 1991 and therefore, the jurisdiction of the trial court was ended on May 6, 1991."
[3] The result in this case is unfortunate. It is apparent that the trial court, when initially confronted with the opportunity to revoke appellant's probation, opted to provide appellant with another chance to redeem himself. Rather than revoke appellant's probation and order appellant to begin serving his prison sentence, the trial court chose to extend appellant's probation. Appellant, however, failed to comply with the terms of his extended probation. We readily acknowledge the trial court's effort in this case. We, however, reluctantly arrive at the conclusion set forth above.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.