[Cite as *State v. Gibby*, 2014-Ohio-2921.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| MELINDA GIBBY | : | Case No. 13-CA-81 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Fairfield County
Court of Common Pleas, Case No.
05CR145


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      June 30, 2014


APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

GREGG MARX          ANDREW T. SANDERSON
Prosecuting Attorney          Burkett & Sanderson, Inc.
         118 West Chestnut Street, Suite B
By: JOCELYN S. KELLY          Lancaster, OH 43130
Chief Assistant Prosecuting Attorney,
Appellate Division
239 W. Main Street, Ste. 101
Lancaster, OH 43130

*Baldwin, J.*

{¶1}    Appellant Melinda Gibby appeals a judgment of the Fairfield County Common Pleas Court revoking her community control.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    On January 14, 2005, appellant was indicted by the Fairfield County grand jury on one count of possession of crack cocaine in Case No. 05CR12.  On April 22, 2005, appellant was indicted on two counts of possession of crack cocaine and three counts of trafficking in cocaine in Case No. 05CR145.  The court consolidated the cases on May 11, 2005.

{¶3}    Appellant pled guilty to all counts on June 9, 2005.  In Case No. 05CR145, she was sentenced to 12 months incarceration on counts one and five, to run concurrent with each other and concurrent with the sentences imposed on counts two, three and four.  On counts two, three and four she was sentenced to 16 months incarceration on each count, to be served consecutively.  In case number 05CR12, she was sentenced to 11 months incarceration, to be served consecutively to the 48 month aggregate sentence imposed in Case No. 05CR145.

{¶4}    The court granted appellant's motion for judicial release on December 5, 2005, and placed her on community control for five years.  On February 27, 2009, modified community control stipulations and agreements were filed, stating her remaining community control period to be 30 months.

{¶5}    Appellant was incarcerated on unrelated charges from August 12, 2010, to July 1, 2012.

{¶6}     Appellee filed a motion to revoke appellant's community control on March 5, 2013.  Hearing was set for May 6, 2013.  Appellant filed a motion to continue the hearing, which was granted.  On June 17, 2013, appellant filed a motion to dismiss the revocation proceedings on the basis that her community control period of supervision expired on November 1, 2012.  The trial court overruled the motion, finding that appellant's community control did not expire until August 1, 2013.

{¶7}     The court held a hearing on the motion to revoke on September 30, 2013. Appellant's community control was thereafter revoked and she was sentenced to the 17 months of incarceration remaining on her prison sentence.

{¶8}     Appellant assigns a single error on appeal:

{¶9}     "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO DISMISS THE PROBATION VIOLATION PROCEEDINGS HEREIN."

{¶10}    The trial court found that appellant was placed on a 30-month period of community control beginning February 27, 2009.  Appellant argues that because no hearing took place and she was not present before the court when her probationary period was extended, this extension is invalid.

{¶11}    The docket reflects that courtroom proceedings were recorded on February 26, 2009, for a re-entry court review hearing.[1]  The docket notation of this hearing indicates that appellant spoke on the record at 9:09:10 a.m.  The next day the community control stipulations and agreements were filed by the court, and signed by appellant and the judge.  The record before this Court on appeal does not include a transcript of this hearing.  In the absence of a transcript, we must presume regularity in

---

[1] The reference to this hearing appears in the docket for Case No. 05CR12.  When the court consolidated Case No. 05CR145 with 05CR12, the court stated that all future pleadings should be filed under Case No. 05CR12. Judgment Entry, May 11, 2005.

the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶12}   The court found that appellant's 30-month supervision time ran from February 27, 2009 to June 17, 2010, or 475 days.  The court found time was then tolled from June 17, 2010 until June 21, 2010 due to the issuance of a capias for appellant's arrest.  The court found time ran again from June 21, 2010 to August 12, 2010, or 52 days, and time was tolled again from August 12, 2010 to July 2, 2012 because appellant was incarcerated.  The court found that 246 days ran from July 2, 2012 to March 5, 2013, when a second capias was issued for appellant's arrest.  Time was tolled from March 5 until March 27, 2013, and ran uninterrupted thereafter.  The court found that as of March 27, 2013, 127 days remained of appellant's community control period, and the motion to revoke that was filed on March 5, 2013, was therefore timely.

{¶13}   Appellant concedes that time was tolled during her incarceration from August 12, 2010, until July 2, 2012.  However, she argues that time was not tolled on the two occasions a capias was issued for her arrest because she was not found to be an "absconder."

{¶14}   R.C. 2951.07 provides:

{¶15}   "A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community

control ceases to run until the time that the offender is brought before the court for its further action."

{¶16} In *Rash v. Anderson*, 80 Ohio St. 3d 349, 350, 686 N.E.2d 505 (1997), the Ohio Supreme Court found that the issuance of a capias tolls the running of the probationary period. R.C. 2951.07 does not require that the probationer leave the territorial jurisdiction of the court in order to "abscond" within the meaning of the statute. *In re Townsend*, 51 Ohio St.3d 136, 554 N.E.2d 1336 (1990). Therefore, the issuance of a capias for appellant's arrest was sufficient to toll the time pursuant to R.C. 2951.07. The trial court did not err in tolling the running of appellant's community control period during the two periods of time for which a capias had been issued for her arrest. Therefore, the March 5, 2013, motion to revoke was filed while appellant was still on community control.

{¶17} Appellant lastly argues that irrespective of whether the motion was filed before her period of community control expired, the revocation hearing was not held before her community control expired on August 1, 2013 pursuant to the court's calculation, and therefore the revocation was improper.

{¶18} Appellant cites this Court to our decision in *State v. McKinney*, 5th Dist. Fairfield No. 03CA083, 2004-Ohio-4035, in which we held that the trial court was not authorized to conduct revocation proceedings on a community control violation after the period of community control had expired, even if the proceedings began before the period of community control expired. We relied on R.C. 2951.09, which has been repealed, and on *Davis v. Wolfe*, 92 Ohio St. 3d 549, 751 N.E.2d 1051, 2001-Ohio-1281. The Ohio Supreme Court has subsequently held that a trial court is authorized to

conduct proceedings on a community control violation, even though the proceedings were conducted after expiration of the term of community control, provided that notice was given and revocation proceedings were commenced before the expiration of the community control period. *State ex rel. Hemsley v. Unruh*, 128 Ohio St. 3d 307, 943 N.E.2d 1014, 2011-Ohio-226, ¶13. Because proceedings were commenced in March, the trial court retained jurisdiction to conduct appellant's revocation hearing in September even though her community control expired in August.

{¶19} The assignment of error is overruled. The judgment of the Fairfield County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Wise, J. concur.