[Cite as *State v. Meyer*, 2014-Ohio-3705.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26999 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TONYA MEYER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 02 0397 (B) |

DECISION AND JOURNAL ENTRY

Dated: August 27, 2014

CARR, Judge.

{¶1} Appellant Tonya Meyer appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} After pleading guilty to one count of illegal assembly or possession of chemicals for the manufacture of drugs, Meyer was sentenced to community control for a period of two years. The sentencing entry was time-stamped and entered upon the journal on April 4, 2011. The sentencing entry further stated that "community control is to commence on March 23, 2011."

{¶3} In the morning of March 26, 2013, the trial court issued a journal entry stating that, on March 13, 2013, it appeared that Meyer had failed to comply with conditions of community control, and that upon request of the Adult Probation Department, the trial court ordered that a capias be issued for Meyer's appearance. During the afternoon of March 26,

2013, the capias was issued.  According to a journal entry issued on April 29, 2013, the parties appeared in court regarding a community control violation charge against Meyer.  Meyer pleaded not guilty at that time, and the trial court remanded her to the county jail (without the possibility of release due to emergency jail overcrowding) to await a later community control violation status conference.

{¶4}    The parties appeared in court on April 30, 2013, for the status conference.  The trial court lifted the community control violation holder on the conditions that Meyer enter into the Day Reporting Program and submit to random drug screening.  The court further remanded her to the jail to await the community control violation hearing.  At the violation hearing, Meyer pleaded guilty.  Although the trial court scheduled the sentencing hearing for the following week, it nevertheless ordered that Meyer's community control be extended for one additional year until March 22, 2014.

{¶5}    Prior to sentencing hearing, Meyer filed a motion to withdraw her guilty plea and further raised the issue of whether the trial court had subject matter jurisdiction to address the community control violation.  Specifically, Meyer moved the court to dismiss the violation for lack of jurisdiction.  The trial court scheduled a hearing and directed the parties to be prepared to address the issues of whether Meyer had absconded during the period of her community control; if so, for what duration; and whether her period of community control was tolled.  After the hearing, the trial court determined that Meyer had absconded for approximately 200 days during her period of community control, that her period of community control was tolled during that time, and that the trial court therefore had subject matter jurisdiction to address the violation.

{¶6}    The trial court allowed Meyer to withdraw her guilty plea.  She then pleaded no contest to the violation.  The trial court sentenced her, extending her period of community

control through December 31, 2014.  Meyer filed a timely appeal in which she raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REVOKING APPELLANT'S PROBATION AND SANCTIONING APPELLANT WHEN THE COURT NO LONGER HAD JURISDICTION.

{¶7}  Meyer argues that the trial court lost jurisdiction to sanction her for a violation of community control because her term of community control had expired.  This Court disagrees.

{¶8}  This Court reviews de novo a trial court's refusal to dismiss a violation of community control for lack of subject matter jurisdiction.  *State v. McQuade*, 9th Dist. Medina No. 08CA0081-M, 2009-Ohio-4795, ¶ 6.

{¶9}  Meyer argues that the capias for her arrest was issued on March 26, 2013, after her two-year period of community control had expired.  Although the issuance of a capias tolls the period of community control until the defendant can be brought before the court regarding a violation, *McQuade* at ¶ 7, it is axiomatic that there must be time remaining in the period of community control which may be tolled at the time of the issuance of the capias.  Nevertheless, there are other events besides the issuance of a capias which may toll the period of community control.

{¶10}  R.C. 2951.07 states, in pertinent part: "If the offender under community control absconds * * *, the period of community control ceases to run until the time that the offender is brought before the court for its further action."  In concluding that it retained jurisdiction to address the community control violation and sanction Meyer, the trial court relied on *In re Townsend*, 51 Ohio St.3d 136 (1990).  The *Townsend* court held that a probationer need not

leave the jurisdiction to abscond; rather, he need only voluntarily absent himself from the supervision of the probation authority. *Id.* at 137. Reviewing the evidence adduced at the hearing, the trial court found that Meyer had failed to report to her probation officer for an extended period of time. Moreover, the court believed the probation officer's testimony that she had been unable to locate Meyer despite efforts to do so. Accordingly, the trial court found that the two-year period of Meyer's community control was tolled from October 1, 2012, until the date of her arrest on April 15, 2013, so that the capias was issued and violation proceedings were initiated during the period of community control. The trial court concluded, therefore, that it maintained subject matter jurisdiction to sanction Meyer for a community control violation.

{¶11} In her appellate brief, Meyer relies on a Fifth District case for the proposition that the trial court loses jurisdiction to sanction a defendant for a violation after the period of probation has expired. *State v. Justice*, 5th Dist. No. 08 CA 47, 2009-Ohio-2064. Relying on R.C. 2951.09 and *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454 (2000), the *Justice* court wrote:

> At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged. Discharge is required even if the alleged probation violation occurred during the probationary period and could have resulted in a valid probation revocation and imposition of sentence if it had been timely prosecuted.

*Id.* at ¶ 14.

{¶12} The Ohio Supreme Court, however, more recently discussed the issue of subject matter jurisdiction within the context of community control violations. In *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, the high court recognized that a judge may conduct a community control violation hearing where the court does not "patently and unambiguously lack jurisdiction." *See id.* at ¶ 10. It presented three reasons in support.

{¶13} First, the high court recognized the basic statutory jurisdiction accorded to the common pleas court by the legislature to address charged community control violations pursuant to R.C. 2929.15(B)(1). *Hemsley* at ¶ 11. That provision expressly confers authority on the sentencing court to impose one or more enumerated penalties for a violation of a condition of community control. R.C. 2929.15(B)(1)(a)-(c).

{¶14} Second, the Supreme Court emphasized that R.C. 2951.09 on which the *Kaine* court relied had been repealed. *Hemsley* at ¶ 13. Former R.C. 2951.09 was specific to probation and provided, "At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." Case law interpreting this provision held that "[i]t matters not that the alleged violation of probation occurred during the period of probation and could have resulted, if timely prosecuted, in a revocation of probation and imposition of sentence." *State v. Jackson*, 106 Ohio App.3d 345, 348 (8th Dist.1995), quoting *State v. Jackson*, 56 Ohio App.3d 141, 142 (5th Dist.1988) (further holding that "even where a probationer absconds during the period of probation, the court is deprived of jurisdiction to act after the original probation period, having failed to extend the period of probation prior to its expiration because of the disappearance of the defendant.") As the Supreme Court recognized in *Hemsley* at ¶ 13, however, R.C. 2951.09 was repealed on January 1, 2004, and the legislature has not enacted an analogous statute relevant to community control.

{¶15} The reason from *Hemsley* that is most applicable to the instant case before this Court is the third. The high court concluded that it was unclear whether the defendant's period of community control was tolled pursuant to R.C. 2951.07 due to the defendant's possibly having absconded during his community control. *Hemsley* at ¶ 14. It would necessarily then be

reasonable for the trial court to determine whether the defendant had absconded during the period of community control to determine whether the court retained jurisdiction to proceed on the community control violation, where that issue was "not patently and unambiguously" clear. *See id.* at ¶ 15. That is precisely what the trial court did in this case.

**{¶16}** The dissent takes issue with our reliance on the guidance promulgated in *Hemsley*. While we acknowledge the procedural posture of that case as a disposition of a writ of prohibition, it is clear that the high court recognized the trial court's authority to determine whether it retained jurisdiction over the defendant with respect to the filing of a community control violation. Where there exists a question as to whether or not the period of community control has expired, the trial court does not patently and unambiguously lack jurisdiction to address the issue of whether a tolling event occurred which might have extended the termination date of the period. It is axiomatic that whether the period of community control has been tolled will not be relevant during the original time frame. Tolling only becomes relevant if the court or probation department attempts to impose sanctions or ongoing supervision beyond the originally anticipated termination date. At that time, the trial court reasonably may hold a hearing to determine whether a tolling event, such as the defendant's absconding, has occurred during the original period. This has been recognized in practice even prior to the Supreme Court's opinion in *Hemsley*. *See, e.g., State v. Hardy*, 8th Dist. Cuyahoga No. 93677, 2010-Ohio-3419, ¶ 7, 18 (concluding that the trial court properly found that the defendant's period of community control tolled during a period of prison confinement so that the court retained jurisdiction to address an alleged violation).

**{¶17}** This Court further acknowledges the limitation on the trial court's jurisdiction to proceed on a community control violation beyond the period of community control. If a tolling

event has occurred, however, the period of community control necessarily would not have expired on the originally ordered date. Accordingly, we read the Supreme Court's recognition that "the [trial] court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, provided that the notice of violations was properly given and the revocation proceedings were commenced before the expiration[,]" *Hemsley* at ¶ 13, in context with its first and third reasons for determining that there was no patent and unambiguous lack of jurisdiction. In other words, notice must be given and proceedings commenced before the expiration of the term of community control in consideration of tolling events. Specifically, a trial court maintains jurisdiction to proceed on alleged community control violations based on statutory jurisdiction accorded by the legislature and during the extant period of community control which may extend beyond the original termination date based on some tolling event. *Id.* at ¶ 11, 14; *see also State v. Gibby*, 5th Dist. Fairfield No. 13-CA-81, 2014-Ohio-2921, ¶ 18 (applying the third ground in *Hemsley* and concluding that the trial court retained jurisdiction to address a community control violation where notice was given and proceedings were commenced at a time beyond the original expiration date, but during a period of continuing community control due to tolling events). In fact, the second reason cited above and emphasized by the dissent reasonably expanded the sentencing court's jurisdiction to address community control violations beyond the expiration date so long as the defendant properly received notice of the violation and the revocation proceedings were commenced, not concluded, prior to the expiration of the community control period.

{¶18} Based on the evidence adduced at the hearing on the issue of whether Meyer had absconded during her period of community control, a determination necessary for the trial court

to determine whether it retained jurisdiction to address the community control violation, the trial court found that Meyer had absconded for nearly 200 days. Meyer does not challenge that finding on appeal. Her community control was, therefore, tolled for that amount of time. Because the trial court sentenced Meyer on the violation well within the period of her community control due to the tolling of time, it retained subject matter jurisdiction in this matter. Meyer's assignment of error is overruled.

## III.

**{¶19}** Meyer's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>DISSENTING.</u>

**{¶20}** I respectfully dissent from the judgment of the majority, as I would conclude that the trial court lacked jurisdiction to conduct the community control violation hearing.

**{¶21}** Pursuant to the trial court's April 4, 2011 journal entry, Ms. Meyer's two-year community control sanction began on March 23, 2011, and, therefore, ended on March 23, 2013. Thus, in order to have subject matter jurisdiction to conduct community control violation proceedings, the notice of community control violations had to be properly given and the revocation proceedings had to be commenced before the expiration of the community control period. *See State ex rel. Hemsley v. Unruh,* 128 Ohio St.3d 307, 2011-Ohio-226, ¶ 13. That did not occur in this case. Although the State has argued that tolling occurred to extend the trial court's authority to conduct proceedings, the State could argue about tolling events only if the trial court had jurisdiction in the first place. In this case, because notice of the violations was not properly given and the revocation proceedings were not commenced prior to the expiration of Ms. Meyer's community control period, the trial court did not have jurisdiction over the matter, including the issue of whether any absconding-related tolling events took place. *See id.; see also Bowling v. Holland,* N.D.Ohio No. 1:11 CV 492, 2011 WL 5024171, *2 (Aug. 23, 2011), fn. 2.

{¶22} While I agree that there is important language in *Hemsley* that is helpful in resolving this appeal, the manner in which the majority relies on *Hemsley* is troubling. *Hemsley* was a prohibition case in which the Supreme Court had to determine whether to grant an extraordinary remedy, namely a writ of prohibition. *See Hemsley* at ¶ 1. As such, the *Hemsley* court was not deciding the ultimate propriety of any legal actions the trial court may have taken in the underlying case. Rather, its focus was to determine whether the relator had demonstrated grounds for the issuance of the writ. Ultimately, it declined to grant the writ given that the relator had an adequate remedy at law and it did not appear that the trial court patently lacked jurisdiction. *See id.* at ¶ 15. In other words, the relator could challenge any errors of the trial court through the ordinary appeal process. Thus, the Supreme Court's use of the phrase "does not patently and unambiguously lack jurisdiction" relates to the standard which is to be applied in determining whether the writ should be granted and should not be considered as a standard by which this Court should decide the jurisdictional issue presented in Ms. Meyer's appeal. *Id.*

{¶23} It is additionally troubling that, in its reliance on *Hemsley*, the majority has not acknowledged the following critical language from the opinion, which provides a vital caveat in evaluating the subject matter jurisdiction of the trial court in these matters:

> Because R.C. 2951.09 was not applicable, the court was authorized to conduct proceedings on the alleged community-control violations even though they were conducted after the expiration of the term of community control, *provided that* the notice of violations was properly given and the revocation proceedings were commenced before the expiration.

(Emphasis added.) *Hemsley* at ¶ 13. From this language, it is clear that the Supreme Court concluded that a writ of prohibition was not warranted in *Hemsley*, at least in part, because, "the charge of violating community control was filed and the proceeding on the charges commenced before Hemsley's community control expired in March 2010." *Id.* This would also lead to the

inference that the trial court would lack jurisdiction if the notice of violation was not given and the revocation proceedings were not commenced before the expiration of the period of community control.

{¶24} In the instant matter, the record supports the conclusion that neither of those conditions was met in this case prior to the expiration of the stated community control period. Accordingly, I would conclude that the trial court lacked jurisdiction to hold the proceedings at all and, thus, did not have jurisdiction to have the hearing to determine whether any tolling took place. In doing so, I note that, if proper monitoring is occurring, when a defendant fails to report or otherwise violates a provision of community control, it is not an undue burden for the supervising authority to file a notice of violation such that proceedings can be commenced within the stated community control period. This is so even if the defendant has absconded.[1] If timely notice and commencement occurs, then tolling would ensue. *See Hemsley,* 128 Ohio St.3d 307, 2011-Ohio-226, at ¶ 13-14. However, the majority seems to endorse a form of automatic tolling that would essentially dispense with any requirement of timely filing of a notice of violation and commencement of proceedings within the stated community control period.[2] Thus, I respectfully dissent.

---

[1] Upon the filing of the notice, the court may commence the proceedings by simply scheduling the hearing and sending notice in accordance with the procedural requirements. If the defendant fails to appear, then tolling would occur.

[2] For example, if a defendant has absconded, the majority essentially allows the State to sit back and take no action. Thus, even if the State did not file a notice of violation and commence the proceedings prior to the expiration of community control, it could proceed to file a notice of violation and commence the proceedings 20 years after the expiration of the community control period. Clearly, such would violate basic tenants of due process that are foundational to our system of justice.

APPEARANCES:

RHONDA KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.