[Cite as *Middleburg Hts. v. Kneip*, 2017-Ohio-469.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104565

# CITY OF MIDDLEBURG HEIGHTS

PLAINTIFF-APPELLEE

vs.

# ERIK R. KNEIP

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case No. 13 TRC 00165

**BEFORE:** Celebrezze, J., Keough, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEY FOR APPELLANT**

Mark S. Ondrejech
The Ondrejech Law Firm, L.L.C.
19300 Detroit Road, Suite 202
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Peter H. Hall
City of Middleburg Heights
Director of Law
15700 E. Bagley Road
Middleburg Heights, Ohio 44130

Megan M. Matthews
City of Berea
Assistant Director of Law
11 Berea Commons
Berea, Ohio 44017

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Erik R. Kneip, appeals the trial court's imposition of a 20-day jail sentence for violations of provisions of community control. Appellant argues that the trial court no longer had authority over him after the period of community control ended, and the court did not properly inform him of the consequences of violating community control such that a jail term could be imposed. After a thorough review of the record and law, this court determines that the trial court no longer had jurisdiction over appellant, terminates any existing community control in this case, and reverses the order of the trial court sentencing appellant to a jail term.

## I. Factual and Procedural History

{¶2} Appellant was arrested for and pled no contest to operating a vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1)(a). This was appellant's second such conviction. At the sentencing hearing conducted on July 17, 2013, appellant was sentenced to two years of community control, among other things.

{¶3} In August of that same year, appellant was called before the court on allegations that he used something to circumvent the interlock device attached to his car that prevented him from driving after consuming alcohol. As a result, the court found that he had violated terms of the use of the interlock device and imposed a more onerous testing regime, including the use of a continuous alcohol monitoring device and required a video-enabled interlock device to prevent further tampering. The court did not extend

the period of community control at this hearing.

{¶4} Later hearings in 2014 resulted in further modifications to appellant's monitoring regime, but did not result in the extension of the term of community control. At the time of July 17, 2015, the natural expiration of appellant's term of community control, several violation notices had been filed with the court but a hearing on those alleged violations had not been held. The court held a violation hearing on January 29, 2016 on the alleged violations of the terms of community control at numerous times in 2015. After denying appellant's motion to terminate community control, the court dismissed the violation notices from most of 2015 and set a hearing date for notices of violation that occurred after December 1, 2015. At the April 22, 2016 hearing, the court determined that appellant had violated the terms of his community control and ordered him to serve 20 days in jail over appellant's objection that the court lacked any authority over him. The court also ordered appellant's community control to be terminated after his release from jail.

{¶5} Appellant now appeals from that order and assigns two errors for review:

I. The Berea Municipal [Court] erred [when] imposing a sanction of 20 days in jail upon appellant for conduct that took place after his period of community control expired.
II. The Berea Municipal Court does not have authority to impose a jail sentence on appellant for alleged violations of community control because it did not advise [appellant] that he could be subject to a jail term, an increased term of community control or a more restrictive sanction such as continuous alcohol monitoring at the sentencing hearing or any subsequent sentencing hearings.

## II. Law and Analysis

{¶6} Appellant argues first that his community control expired and the court had no authority to sentence him to a jail term for violations that occurred after expiration. The city concedes this assignment of error. This concession is dispositive.

{¶7} An appellate court "reviews de novo a trial court's refusal to dismiss a violation of community control for lack of subject matter jurisdiction." *State v. Meyer*, 2014-Ohio-3705, 18 N.E.3d 805, ¶ 8 (9th Dist.), citing *State v. McQuade*, 9th Dist. Medina No. 08CA0081-M, 2009-Ohio-4795, ¶ 6.

{¶8} A sentencing court may extend a period of community control as a result of a violation of conditions thereof, so long as the total time does not exceed five years. R.C. 2951.07. Further, R.C. 2929.25(B) provides that the court may impose additional or revised community control sanctions for the duration of the period of community control. However, in this case, there is no entry or order of the court extending the term of appellant's community control beyond the initial two-year period. There is also no argument that a tolling event applies in this case that would extend the period of community control. *See Meyer*. Therefore, the court lost jurisdiction to impose any consequence for violations that occurred after July 17, 2015. As such, the court had no authority to impose a 20-day jail term in April 2016. *Id*. at ¶ 17. Appellant's first assignment of error is sustained. This renders appellant's second assignment of error moot.

{¶9} This cause is reversed and remanded to the Berea Municipal Court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, A.J., and
LARRY A. JONES, SR., J., CONCUR